# In the United States Court of Federal Claims

No. 26-157
Filed: May 21, 2026

|  |
| --- |
| SOPHIRIAN KIM, <br><br> *Plaintiff*, <br><br> v. <br><br> THE UNITED STATES, <br><br> *Defendant*. |

*Sophirian Kim*, Rancho Cucamonga, CA, Pro Se Plaintiff.

*L. Steven Schifano,* Trial Attorney, *Jason Bergmann*, Assistant Director, *Joshua Wu,* Deputy Assistant Attorney General, Tax Litigation Branch, *Brett A. Shumate*, Assistant Attorney General, Civil Division, U.S. Department of Justice, Washington, DC, for Defendant.

### MEMORANDUM OPINION AND ORDER

**TAPP, Judge.**

In February 1848, as the Mexican War drew to a close, Mexico and the United States signed a treaty that transferred a vast stretch of the southwest, including the future state of California, to the United States. CAL. DEP'T OF PARKS & REC., *California Admission Day September 9, 1850*, https://www.parks.ca.gov/?page_id=23856 [https://perma.cc/7A9F-N5PE ] (last visited May 20, 2026). Days before that treaty was finalized, gold was discovered along the American River near Sacramento, and the frenzy that followed propelled California toward rapid settlement and an urgent push for statehood. *Id.* California entered the Union as a free state, becoming the nation's thirty-first on September 9, 1850. *Id.* Eighteen years later, the Fourteenth Amendment was ratified, providing that "[a]ll persons born or naturalized in the United States and subject to the jurisdiction thereof, are citizens of the United States *and* of the State wherein they reside." U.S. CONST. amend. XIV, § 1 (emphasis added). Although the historical backdrop is straightforward, it underscores a central point: California has been a state of the Union for more than 175 years, and the Fourteenth Amendment leaves no room for a separate, non-federal "Californian" citizenship. Although it is unclear whether Plaintiff challenges California's statehood or the scope of the Fourteenth Amendment, she asserts that she is a citizen of California but not of the United States. That assertion is legally untenable, as the former cannot be true without the latter. Because her claim rests entirely on this erroneous premise, and because federal rights and responsibilities—including tax obligations—apply to all United States citizens, her Complaint must be **DISMISSED**.

Plaintiff, Sophirian Kim ("Ms. Kim"), seeks a tax refund of $152,871 for tax year 2020. (Compl., ECF No. 1). While her Complaint contains minimal factual allegations, she supports her claim with an Amended Tax Return ("Form 1040X") for tax year 2020 and a two-page "Casework and Privacy Authorization Form" submitted to a congressional office ("Congressional Casework Form").[1] (Compl. Ex., ECF No. 1-2).[2] The Form 1040X reverses all income and deductions previously reported for 2020 and asserts that Ms. Kim had "no trade or income from U.S. sources" because she has "never been a U.S. citizen, always a Citizen of California, or simply a Californian." (Compl. Ex. Form 1040X at 2). Her Congressional Casework Form expounds on these assertions:

Briefly explain the issue or the information desired. **Please print neatly and include copies of any relevant documentation related to your request.**
I need help with the IRS. Its been over a year and they only sent me one letter on April 21, 2025 (CP 071C letter). I'm owed $152,871 and need it back urgently. I faxed Ms. Bustamante from Advocate last on April 17, 2025. Case was closed with no notice. I called IRS again and they said the most recent 1040x is being reviewed and to wait 4 weeks from when I last called on May 12,2025. The lady I spoke to (I think it was Mrs. Hill Account management Seattle ID:1003073371
sent from advocate Ms. Johnson) submitted everything and she said to give it four weeks for them to review and it could be sooner. She took down all the notes and I spoke to an advocate case management lady who is pushing this to the upper management. The name Ms. Alvarez is on my notes too.
I corrected my status and attached the changes on my SS-5 form. I'm not a resident. Owed taxes is a $0. I don't have federal tax liability. I filed a 1040x on April 08, 2024 and that is now $0. And I don't have a state tax liability so that's $0 too.
I have not trade or business income from US sources, as I have been filing 1040 forms in error including 2020. My mother filed form SS-5 at my birth and checked us citizen in error on line 5 for citizenship, I have never been a us citizen, always a citizen of California, or simply a Californian, see attached birth certificate. On 2-20-24, I filed my own form SS5 with the social security administration and checked "other" for citizenship on line 5. See attached letter from SSA. Please return all my money without delay.

(Compl. Ex. Casework Form at 2).

---

[1] For purposes of the Motion, the Court assumes the authenticity of these documents and that the Form 1040X was filed with the IRS.

[2] In lieu of traditional pagination, Ms. Kim designates the four pages attached to her Complaint as separate exhibits, though they appear in a single CM/ECF entry. The first two pages—labeled Exhibits A and B—contain her Form 1040X, and the remaining two pages—Exhibits C and D— are excerpts from her Congressional Casework Form. For clarity, the Court refers to these materials collectively as one exhibit, ("Compl. Ex."), and cites them by document name ("Form 1040X;" "Casework Form") and page number.

The United States seeks dismissal of Ms. Kim's Complaint on the ground that her asserted exemption from federal income tax, premised on her claimed status as a "citizen of California" rather than a citizen of the United States, is legally frivolous. (Def.'s Mot., ECF No. 5). In response, Ms. Kim emphasizes her pro se status and argues that, at this early stage, her burden is only to plead a plausible claim. (Pl.'s Resp., ECF No. 10). Although plausibility is the governing standard, a claim grounded in a legally frivolous theory cannot meet it. Because Ms. Kim's asserted basis for a refund rests on a misunderstanding of the law, her claim is not plausible.

When considering dismissal under RCFC 12(b)(6), the Court "must presume that the facts are as alleged in the complaint, and make all reasonable inferences in favor of the plaintiff." *Cary v. United States*, 552 F.3d 1373, 1376 (Fed. Cir. 2009) (citing *Gould, Inc. v. United States*, 935 F.2d 1271, 1274 (Fed. Cir. 1991)). It is well-settled that a complaint should be dismissed "when the facts asserted by the claimant do not entitle him to a legal remedy." *Lindsay v. United States*, 295 F.3d 1252, 1257 (Fed. Cir. 2002). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679. This requires "more than a sheer possibility that a defendant has acted unlawfully," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* In evaluating a motion to dismiss for failure to state a claim, the Court "primarily consider[s] the allegations in the complaint," but is not limited to the pleading's four corners and may also look to the "matters incorporated by reference or integral to the claim[.]" *Dimare Fresh, Inc. v. United States*, 808 F.3d 1301, 1306 (Fed. Cir. 2015) (citations omitted); *see also Terry v. United States*, 103 Fed. Cl. 645, 652 (2012) (the court may consider the allegations contained in the complaint, exhibits attached to the complaint, public records of which the court may take judicial notice, and documents appended to the motion to dismiss that are central to plaintiff's complaint).

The Court is mindful that a pro se plaintiff like Ms. Kim may lack the formal expertise to frame legal issues with the exacting precision of an attorney. *See Roche v. U.S. Postal Serv.*, 828 F.2d 1555, 1558 (Fed. Cir. 1987). Although pro se pleadings are held to less stringent standards than those drafted by attorneys, they must still satisfy the basic pleading requirements and must present a cognizable legal theory. *Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995); *Stephanatos v. United States*, 306 F. App'x 560, 564 (Fed. Cir. 2009) (stating that arguments should be "fleshed out."). The Court may not supply missing legal elements or rewrite a complaint to create a claim where none exists. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (the Court cannot "assume the role of advocate for the pro se litigant."). Moreover, "frivolous" legal theories—those foreclosed by the Constitution, statute, or binding precedent— cannot survive a Rule 12(b)(6) motion. *Denton v. Hernandez,* 504 U.S. 25, 33 (1992) ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them."); *Neitzke v. Williams,* 490 U.S. 319, 325 (1989) (holding that a pleading is frivolous when it lacks an arguable basis in law or fact, and recognizing that Rule 12(b)(6) allows dismissal when claims are based on "an outlandish legal theory or on a close but

ultimately unavailing one."); *In re Cashion Fam. Tr.*, 669 B.R. 341, 384 (Bankr. D. Nev. 2025) (holding that pleadings and allegations are frivolous when they are baseless and made without a reasonable and competent inquiry).

The United States argues that Ms. Kim's refund claim fails as a matter of law because it rests entirely on the assertion that she is not a citizen of the United States and therefore not subject to federal income tax. (Def.'s Mot. at 3). According to the United States, this theory has been uniformly rejected by federal courts for decades. (*Id.* at 4); *see* Rev. Rul. 2007-22, 2007-1 C.B. 866, 2007 WL 777485 (2007) (citing *United States v. Hilgeford*, 7 F.3d 1340, 1342 (7th Cir. 1993) ("The Defendant in this case apparently holds a sincere belief that he is a citizen of the mythical 'Indiana State Republic' and for that reason is an alien beyond the jurisdictional reach of federal courts. This belief is, of course, incorrect."); *United States v. Gerads*, 999 F.2d 1255, 1256 (8th Cir. 1993) ("[We] reject appellants' contention that they are not citizens of the United States, but rather 'Free Citizens of the Republic of Minnesota' and, consequently, not subject to taxation."); *O'Driscoll v. I.R.S.*, 1991 U.S. Dist. LEXIS 9829, *5–6 (E.D. Pa. July 16, 1991) ("Despite Plaintiff's linguistic gymnastics, he is a citizen of both the United States and Pennsylvania, and liable for federal taxes.")). The United States also relies on the Fourteenth Amendment and emphasizes that courts have repeatedly held that individuals cannot avoid federal taxation by claiming citizenship solely in a particular state. (*See* Def.'s Mot. at 4 (citations omitted)). Because Ms. Kim's refund request depends entirely on this theory, the United States contends that the Complaint fails to state a claim and should be dismissed with prejudice. (*Id.*). The Court agrees.

Ms. Kim explains that she lacks legal training but maintains that she has presented the "truth of what occurred" and stated her claim "in plain English." (Pl.'s Resp. at 1). She asserts that it is enough to claim that the United States is in possession of her "property/money" and refuses to return it; she further emphasizes that she corrected her citizenship status with the Social Security Administration before filing her Form 1040X. (*Id.* at 1). Ms. Kim characterizes her claim as "straightforward," contends that her exhibits demonstrate its plausibility, and argues that she has met the low threshold required at this stage of the litigation. (*Id.* at 1–2). She therefore asks the Court to deny the United States' Motion or, alternatively, to grant her leave to amend. (*Id.* at 2).

Even affording Ms. Kim's pro se filings the liberal construction they are due, the Court cannot accept a legal theory that is foreclosed by the Constitution and binding precedent. The Fourteenth Amendment establishes that a person born in California is a citizen of both California and the United States. *See* U.S. CONST. amend. XIV, § 1. This Court has consistently rejected the argument that state citizenship alone exempts an individual from federal taxation. *Walby v. United States*, 144 Fed. Cl. 1, 10 (2019), *aff'd*, 957 F.3d 1295 (Fed. Cir. 2020); *Brown v. United States*, 35 Fed. Cl. 258, 268 (1996), *aff'd*, 105 F.3d 621 (Fed. Cir. 1997). Ms. Kim's position cannot be reconciled with the Fourteenth Amendment. U.S. CONST. amend. XIV, § 1. Thus, by asserting that she is a "Californian" by birth, Ms. Kim necessarily accepts that she is also a citizen of the United States; she must abide by the responsibilities that accompany that status. Simply stated, individuals born in a state of the Union are subject to federal income tax regardless of how they choose to characterize their citizenship. 26 C.F.R. § 1.1-1(c) (defining citizen for tax purposes); *Bruyea v. United States*, 174 Fed. Cl. 238, 240 (2024) (citing *Kappus v.*

*Comm'r*, 337 F.3d 1053, 1055 (D.C. Cir. 2003) ("All American citizens are subject to U.S. taxes, regardless of where they live or earn their income. Citizens living and working abroad must therefore report their foreign-source income to the Internal Revenue Service.")); *Lonsdale v. United States*, 919 F.2d 1440, 1448 (10th Cir. 1990) (rejecting argument that individual who is a citizen of a state is not a person under Internal Revenue Code as "completely lacking in legal merit and patently frivolous").

Ms. Kim's filings do not identify any alternative legal basis for a refund. Her assertion that the government "has [her] property/money" is not, by itself, a cognizable claim for relief. *See Am. Bankers Ass'n v. United States*, 932 F.3d 1375, 1380 (Fed. Cir. 2019) (the court is "not required to accept the asserted legal conclusions" in a plaintiff's complaint when assessing a motion to dismiss). A tax refund requires a showing that the IRS collected tax not legally owed. *Pennoni v. United States*, 86 Fed. Cl. 351, 360 n.11 (2009) (explaining that a refund claim turns not on the taxpayer's theory for why the amount was not owed, but on whether the IRS collected the disputed sum pursuant to its tax-collection authority). Because Ms. Kim's sole stated basis for asserting that no tax was owed is a legally untenable theory, the Complaint does not state a plausible claim for relief under Rule 12(b)(6).

The Court acknowledges Ms. Kim's request for leave to amend. However, where the defect in a complaint is legal rather than factual, amendment would be futile. *Dixon v. United States,* 158 Fed. Cl. 80, 86 (2022) ("When a proposed amendment would be subject to the same defect as the original Complaint, leave to amend may be denied.") (citing *Cultor Corp. v. A.E. Staley Mfg. Co*., 224 F.3d 1328, 1333 (Fed. Cir. 2000) (affirming denial of leave to amend in a patent case when same claim construction would apply to plaintiff's amended complaint); *Alaska v. United States*, 15 Cl. Ct. 276, 280 (1988) (the Court may deny leave to amend the complaint if the amended complaint seeks to add information that has already been adequately addressed in the prior filing); *Mitsui Foods, Inc. v. United States*, 867 F.2d 1401, 1404 (Fed. Cir. 1989)). Because the underlying theory cannot be cured by additional factual allegations, dismissal is warranted.

Because Ms. Kim's claim is not legally plausible, her Complaint fails. The United States' Motion to Dismiss, (ECF No. 5), is **GRANTED**. The Clerk **SHALL** enter judgment accordingly. The Clerk is directed to **REJECT** any future submissions in this case unless they comply with this Court's rules regarding post-dismissal submissions.[3]

Further, Ms. Kim's publicly filed response includes redacted versions of the exhibits to her Complaint, rendering the substantive contents of those exhibits part of the public record. (Pl.'s Resp. at 3–6). As a result, there is no longer good cause to maintain any portion of the

---

[3] This provision does not act as an anti-filing injunction or a sanction. *Allen v. United States*, 88 F.4th 983, 989 (Fed. Cir. 2023) (holding that courts must provide pro se plaintiffs with notice and opportunity to be heard before issuing an anti-filing injunction). Plaintiff is not enjoined from proper post-dismissal filings in this case, nor is Plaintiff required to seek leave before filing future actions in this Court. *See id.* This provision is a mechanism to reject non-compliant filings in the above-captioned action once it is dismissed.

United States' opening brief under seal. The Clerk shall **UNSEAL** the United States' Motion to Dismiss, (ECF No. 5).

      **IT IS SO ORDERED.**

_David A. Tapp_
DAVID A. TAPP, Judge
